

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00210-CV

———————————————

GREGORY WAYNE COON, Appellant

V.

VICTORIA JACOBS COON (THOMAS), Appellee

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-694810-21

Before Sudderth, C.J.; Birdwell and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Appellant Gregory Wayne Coon and Appellee Victoria Jacobs Coon (Thomas)[1] divorced in 1996. Twenty-five years later, in January 2021, Gregory filed a petition for enforcement of a portion of their divorce decree's property division, seeking 40% of Victoria's retirement benefits, and both parties moved for summary judgment. Victoria also filed a motion for judgment nunc pro tunc or to clarify. The trial court heard the motions at a consolidated hearing on October 21, 2021, and then granted Victoria's motion for judgment nunc pro tunc and awarded attorneys' fees to her. On June 1, 2023,[2] the trial court entered a final judgment, denying the parties' summary-judgment motions and denying Gregory's petition for enforcement as moot.

The record reflects that there were four principal documents considered by the trial court in making its October 2021 nunc pro tunc determination: a February 15, 1996 letter to counsel; the April 17, 1996 divorce decree; and two August 16, 1996 Qualified Domestic Relations Orders. Both parties refer to the February 15, 1996 letter as the trial court's rendition.

---

[1]Because both parties had the same surname at times relevant to this appeal, we will refer to them by their first names to avoid confusion.

[2]During the interim, Gregory attempted to appeal from the trial court's interlocutory order, and we dismissed that appeal for want of jurisdiction. *See Coon v. Coon*, No. 02-21-00381-CV, 2022 WL 7232163, at *5 (Tex. App.—Fort Worth Oct. 13, 2022, no pet.) (mem. op.).

On March 1, 2024, the Supreme Court of Texas clarified the requirements for a letter to counsel to be considered a rendition. *Baker v. Bizzle*, 687 S.W.3d 285, 293 (Tex. 2024). The court stated, in pertinent part,

- "[A] letter to counsel could constitute a pronouncement of judgment if the letter (1) uses language reflecting a present intent to render judgment, (2) provides sufficient detail to state the court's decision on the matters at issue, and (3) *is filed with the clerk of court.*" *Id.* at 292 (emphasis added).

- "The form of writing is not important; the critical inquiries concern the court's use of language indicating a present intent to render a full, final, and complete decision *and whether the court officially announced that decision publicly.*" *Id.* at 293 (emphasis added).

Because the contents of the record before us do not reflect that the February 15, 1996 letter meets these requirements,[3] and because the parties and trial court did not have the benefit of *Baker* when the trial court granted the judgment nunc pro tunc, we reverse the trial court's judgment and remand the case for a new hearing.

/s/ Wade Birdwell
Wade Birdwell
Justice

Delivered:  August 22, 2024

---

[3] The February 15, 1996 letter was addressed to counsel and is not file-marked, and a copy of the 1996 docket sheet was not included in the record. *See Baker*, 687 S.W.3d at 293 (noting that, in *Baker*, in which the court held that an email did not constitute a rendition of judgment because it was not announced publicly, there was no allegation that the trial court had delivered the email to the clerk of the court for filing, entry, or inclusion in the public record or that it had taken any actions reasonably calculated to effectuate such delivery). In *Baker*, the court stated, "To the extent some cases can be read as holding that a private communication can constitute a rendition of judgment, we disapprove them." *Id.* at 294.